DECISION AND JOURNAL ENTRY
Defendant Trent Kilgore has appealed from his conviction and sentence by the Lorain County Common Pleas Court. This Court affirms.
 I.
On June 16, 1999, Defendant was indicted for the following: rape; two counts of aggravated burglary; kidnapping; two counts of felonious assault; two counts of intimidation; tampering with evidence; disrupting public service; and, retaliation. Defendant entered a plea of not guilty, and the case proceeded to a jury trial. The jury found Defendant guilty on one count of aggravated burglary, one count of felonious assault, one count of intimidation, and retaliation.[1] On February 10, 2000, the trial court sentenced Defendant to the maximum term of ten years on the count of aggravated burglary, the maximum term of eight years on the count of felonious assault, and two one-year terms on each count of intimidation and retaliation. The trial court ordered each sentence to be served consecutively, for a total term of twenty years. Defendant timely appealed, asserting two assignments of error.
 II. A. Assignment of Error Number One The trial court erred when it sentenced [Defendant] to serve the maximum prison term authorized by law for the offenses of Aggravated Burglary and Felonious Assault without making the requisite findings on the record as required by R.C. 2953.08(D) (sic) [Defendant] appeals this maximum sentence as authorized by R.C. 2953.08(A)(1)(b).
In his first assignment of error, Defendant has asserted that the trial court failed to state the necessary findings required under R.C.2929.14(C).[2] This Court disagrees.
This Court has determined that, pursuant to State v. Edmonson (1999),86 Ohio St.3d 324, the trial court must make findings and give reasons to support those findings before imposing sentences that are not consistent with recent changes in Ohio's sentencing law in which "minimum sentences are favored for first-time imprisonment and maximum sentences are disfavored generally." Edmonson, at 325; State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 2. This Court has further stated that Edmonson requires the trial court to use language "that is close, if not identical, to the statutory criteria when articulating its findings." Riggs, Summit App. No. 19846, unreported, at 3.
Pursuant to R.C. 2929.14(C), a trial court may only impose the maximum prison term on a defendant who meets one of four criteria. The only two criteria relevant to this appeal are whether Defendant "committed the worst form of the offense" or "pose[s] the greatest likelihood of committing future crimes[.]" R.C. 2929.14(C).
At the sentencing hearing in the case at bar the trial court stated:
 The Court finds for the record that this Defendant has committed the worst form of this offense. This Court finds the Defendant pounded on the door; when he was not admitted, he went around, he kicked out a window, came in through the window; pulled this woman out of her bathroom where she had barricaded herself with a telephone speaking to the Elyria Police Department. It is clear from the evidence heard in this trial that she is being harmed, her testimony is, and I have no reason not to believe it based upon the injuries to her neck and the audible cassette, that she is being choked; that the testimony of the physician was that if the choking had continued, frankly, past the time that the police officers got there, and I was looking at the clock as that cassette was playing and it was going of for some three minutes, that she might have died.
Based on the foregoing, this Court concludes that the trial court made the requisite findings and provided the necessary reasons for imposing the maximum sentence for the offenses of aggravated burglary and felonious assault. Defendant's first assignment of error is overruled.
 B. Assignment of Error Number Two [Defendant] further avers that no access to the full pre-sentence investigation report unduly limits the advocates and deprives [Defendant] and [his] counsel of the necessary tools to prosecute an effective appeal of the sentence as envisioned by R.C. 2953.08.
In his second assignment of error, Defendant has argued that the trial court erred when it failed to provide him and his attorney with the presentence investigation report. As a preliminary matter, this Court notes that there was no presentence investigation report requested in this case. Moreover, Crim.R. 32.2 requires a court to order a presentence investigation report in felony cases only before imposing community control sanctions or granting probation. Based on the foregoing, Defendant's argument is without merit. His second assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the Lorain County Common Pleas Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J., BAIRD, J., CONCUR.
[1] The jury acquitted Defendant for the remaining counts.
[2] Defendant did not address his consecutive sentences; therefore, this Court will not discuss it.